## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

T. ROWE PRICE TAX-FREE HIGH YIELD
FUND, INC., SMITH BARNEY INCOME
FUNDS/SMITH BARNEY MUNICIPAL
HIGH INCOME FUND, DRYDEN
NATIONAL MUNICIPALS FUND, INC.,
LOIS AND JOHN MOORE and ACA
FINANCIAL GUARANTY CORPORATION

                  *Plaintiffs*,

      v.

KAREN M. SUGHRUE, GARRY L. CRAGO,
JEAN W. CHILDS, PAULA EDWARDS
COCHRAN, G. STEVENS DAVIS, JR.,
JULIA B. DEMOSS, WILLIAM R. DILL,
LESLIE A. FERLAZZO, JOYCE SHAFFER
FLEMING, ERIC W. HAYDEN,
CATHERINE CHAPIN KOBACKER, ANNE
MARCUS, CELESTE REID, RICHARD J.
SHEEHAN, JR., JOSEPH SHORT,
GREGORY E. THOMAS, SUSAN K.
TURBEN, DONALD W. KISZKA and
ADVEST, INC.,

                  *Defendants*.

Civil Action No.  04-11667 RGS
Consolidated into
Civil Action No. 05-10176-RGS*

### PLAINTIFFS' MOTION TO STRIKE IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

The Institutional Bondholders, the Moores and ACA move to strike the Affidavit of Karen M.

Sughrue, Exhibit 4 to the Memorandum in Support Of Bradford Defendants' Motion to Dismiss and

Paragraph 11 of the Bradford Defendants' Motion To Dismiss the Amended Complaint (as well as

Argument I.A.4 of their memorandum in support of said motion) on the grounds that they are not properly

before the Court in its consideration of Defendants' Motions To Dismiss. In support thereof, Plaintiffs state as follows:

1.       In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) the Court should only consider the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice. Banco Santander de Puerto Rico v. Lopez-Stubbe (In re Colonial Mortgage Bankers, Corp.), 324 F.3d 12, 16 (1st Cir. 2003).

2.       In support of their motions to dismiss the Bradford Defendants have filed an affidavit of Karen M. Sughrue and an excerpt from the book Liberal Arts Colleges: Surviving, Thriving or Endangered? by David W. Breneman (Exhibit 4 to the Memorandum In Support Of Bradford Defendants' Motion To Dismiss). These materials are not the type that may be considered on a motion to dismiss and should be stricken from the record.

3.       Paragraph 11 of the Bradford Defendants' Motion to Dismiss the Amended Complaint and Argument I.A.4 of their memorandum in support is entitled "Count IV is Barred by the Four Year Statute of Repose."

4.       Each of the Bradford Defendants have executed the Standstill and Tolling Agreement and Second Standstill and Tolling Agreement to which the Plaintiffs are either signatories or beneficiaries. Copies of the agreements are attached as Exhibits 1 and 2. In paragraph 1 of each of the agreements, the Bradford Defendants agreed to waive their rights to enforce statutes of limitation and statutes of repose against the Plaintiffs in exchange for Plaintiffs' dismissal of an earlier lawsuit and Plaintiffs' agreement not to file any lawsuit against the Bradford Defendants for a specified period of time. In addition, paragraph 1 of each agreement contains the following provision:

2

> Each Potential Defendant hereby agrees and acknowledges that he, she or it shall not plead or raise and is estopped from pleading or raising the period of time during the Tolling Period as part of a defense of bar based upon any Limitations Period with respect to any Claim.

5.    Argument I.A.4 violates the Bradford Defendants' agreement not to plead or raise any statute of limitation or statute of repose against the Plaintiffs' claims. Plaintiffs are entitled to specific performance of the agreement the Bradford Defendants have breached, which is best accomplished by striking the offending argument.

Wherefore, for the reasons set forth above, this Court should strike:

1.    the Affidavit of Karen M. Sughrue;

2.    Exhibit 4 to the Memorandum in Support Of Bradford Defendants' Motion to Dismiss; and

3.    Paragraph 11 and of the Bradford Defendants' Motion To Dismiss the Amended Complaint and Argument I.A.4 of the memorandum in support of said motion.

T. ROWE PRICE TAX-FREE HIGH YIELD FUND,
INC., SMITH BARNEY INCOME FUNDS/SMITH
BARNEY MUNICIPAL HIGH INCOME FUND,
DRYDEN NATIONAL MUNICIPALS FUND, INC.,
LOIS and JOHN MOORE, and ACA FINANCIAL
GUARANTY CORPORATION

By their attorneys,


/s/ Michael Tabb
Thomas Hoffman, Esq.  BBO # 237320
Thomas Greene, Esq. BBO# 210020
Michael Tabb, Esq. BBO # 491310
Greene & Hoffman, P.C.
125 Summer Street, 14th Floor
Boston, Massachusetts  02110
Dated: May 2, 2005                           (617) 261-0040


## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(2), I, Michael Tabb, counsel for the Plaintiffs, certify that I have conferred with the Bradford Defendants' counsel in good faith to resolve or narrow the issues presented by the Plaintiffs' Motion to Strike in Support of their Opposition to Defendants' Motions to Dismiss.

/s Michael Tabb
Michael Tabb

4

# Exhibit 1

## STANDSTILL AND TOLLING AGREEMENT

This Standstill and Tolling Agreement (the "Agreement") dated as of November 1, 2000 is made and entered into by and among Bradford College (the "College"), those present or former trustees and/or officers of the College who join in this agreement by execution hereof (collectively, the "D&O"), Advest, Inc. ("Advest", and together with the College and the D&O, the "Potential Defendants")), ACA Financial Guaranty Corporation ("ACA"), T. Rowe Price Tax-Free High Yield Fund ("T Rowe"), Smith Barney Municipal High Income Fund ("SSB") and Prudential Municipal Series Fund - Massachusetts Series ("Prudential", and together with ACA, T Rowe and SSB, the "Bondholders"). The Bondholders and the Potential Defendants are collectively referred to herein as the "Parties".

## W I T N E S S E T H :

WHEREAS, the College is indebted to the Bondholders as beneficial holders of the MIFA Revenue Bonds, Bradford College Issue, Series 1998, issued by the College (the "Bonds"), pursuant to a Loan and Trust Agreement dated May 1, 1998 among the College, MIFA and Chittenden Trust Company as indenture trustee (the "Indenture Trustee"); and

WHEREAS, the Bondholders have information that may support claims against the Potential Defendants, and the Potential Defendants deny that there are any such claims; and

WHEREAS, the Bondholders and the College are engaged in negotiations regarding the Bonds and a possible sale of substantially all of the assets of the College, and the Parties desire to continue (and in the case of Advest and the D&O, to facilitate) such negotiations, and all the parties desire to avoid the need for litigation at the present time; and

WHEREAS, the Bondholders are desirous of preserving any causes of action that they may have and are willing to forbear from commencing litigation against the Potential Defendants, possibly including class-action litigation on behalf of all persons who purchased Bonds, only upon agreement that any statutes of limitation, statutes of repose, laches, discovery periods or similar time bars or any other condition of law whether statutory or not, requiring the bringing of an action within a period of time or other requirements imposed by any rule of court under State or Federal law (collectively the "Limitations Periods") relating to the Claims (as that term is defined below) will be tolled as provided below; and

WHEREAS, the Bondholders are relying on the agreements and representations of the Potential Defendants in this Agreement in determining not to seek remedies against the Potential Defendants at this time; and

WHEREAS, the Bondholders and the Potential Defendants desire to make third-party beneficiaries of this Agreement (without, however, giving any such persons other than the Bondholders the right to consent to amendment or waiver thereof) all the following persons: (i) all purchasers (whether of record or beneficially) of Bonds at any time on or after May 1, 1998; (ii) recordholders and beneficial owners of bonds at any time from May 1, 1998 through the present; and (iii) the College and the Attorney General of the Commonwealth of Massachusetts (the "AG").

B0168617.DOC

NOW, THEREFORE, for good, valuable, fair and reasonably equivalent consideration, the receipt of which is hereby acknowledged, the parties hereto, each intending to be legally bound, agree as follows:

1. <u>Tolling.</u> Each of the Potential Defendants agrees that, with respect to any claim, right, liability or cause of action that could be initiated directly by any Beneficiary (as that term is defined in Section 4) or derivatively on behalf of any Beneficiary of this Agreement, or by any Beneficiary's successors or assigns as provided in Section 8, against any Potential Defendant, including but not limited to any of the foregoing for misrepresentation or for breach of fiduciary duty under the federal securities laws, the so-called blue-sky laws of Massachusetts, or any other federal, state or local law, whether statutory or not, arising out of or relating in any manner to the Bonds or the issuance thereof, Massachusetts statutory law, or the common law (the foregoing are collectively the "Claims"), the time periods for commencing any Action (as that term is defined in Section 5) and the deadline for extinguishment of any such Action under applicable law, be, and hereby are, tolled for the Tolling Period provided in Section 3 of this Agreement. Each of the Potential Defendants, for itself and its successors and assigns, hereby stipulates and agrees that the Tolling Period shall be excluded from any Limitations Period and not considered in any determination of the timelines of commencement of any Action with respect to the Claims. Each Potential Defendant hereby agrees and acknowledges that he, she, or it shall not plead or raise and is estopped from pleading or raising the period of time during the Tolling Period as part of a defense or bar based upon any Limitations Period with respect to any Claim.

2. This Agreement shall be, and hereby is, effective as of November 1, 2000 (the "Effective Date") as to each Potential Defendant who joins in this agreement by such Potential Defendant's execution hereof. This Agreement shall be effective as to each Potential Defendant who joins in this Agreement without regard to whether any or all of the other Potential Defendants join in this Agreement.

3. With respect to each Potential Defendant, the tolling of time periods provided for in Section 1 of this Agreement shall commence on the Effective Date and shall terminate (the "Termination Date") on the latter of July 2, 2001 or the forty-fifth (45th) day after such Potential Defendant delivers a written notice of termination (a "Termination Notice") addressed to each of the Bondholders and at the Notice Addresses set forth beneath their signatures, <u>infra</u>, in accordance with Section 9 hereof. The period from the Effective Date to the respective Termination Date for such Potential Defendant shall be the "Tolling Period" for such Potential Defendant. Termination with respect to any particular Potential Defendant shall not cause termination of this Agreement with respect to any other Potential Defendant.

4. The following persons are intended beneficiaries (collectively the "Beneficiaries") of this Agreement: (i) purchasers (whether of record or beneficially) of Bonds at any time on or after May 1, 1998, (ii) recordholders and beneficial owners of Bonds at any time from May 1, 1998 through the present, (iii) the Bondholders and (iv) the College and the AG. Subject to Section 7, such persons are entitled to the benefit of, and to enforce, the tolling, stipulations and agreements set forth in Section 1 of this Agreement as well as all other provisions of this Agreement.

5. In consideration of the Potential Defendant's agreements set forth above, the Bondholders agree not to commence any civil actions, proceeding (including arbitral proceeding) or litigation against a Potential Defendant (collectively an "Action") with respect to the Claims until the first to occur of July 2, 2001 or following receipt of a Termination Notice with respect to that Potential Defendant (the foregoing is the "Standstill Period"). Except for the Bondholders' agreement not to commence any action during the Standstill Period, all rights and remedies of the Bondholders and other Beneficiaries with respect to the bringing of any Action with respect to the Claims are not impaired hereby and are preserved.

6. This Agreement shall not operate as an admission of, or evidence of, liability or wrongdoing of any nature by any Potential Defendant, or that there is any element of or basis for any Claim against any of the Potential Defendants.

7. This Agreement may be amended, changed, modified, supplemented, released or discharged, in whole or in part, as between any particular Potential Defendant, on the one hand, and the Beneficiaries, on the other hand; provided, however, that such an amendment, change, modification, supplement, release or discharge must be signed by the particular Potential Defendant whose rights under this Agreement are being altered and by the Bondholders. The rights of the third-party beneficiaries of this Agreement may be amended, changed, modified, supplemented, released or discharged, in whole or in part, upon the written consent of the Bondholders.

8. This Agreement is binding on and inures to the benefit of the Potential Defendants and their successors and assigns including their successors and assigns by operation of law, their bankruptcy estates, any chapter 7 or 11 trustee and any other estate representative, trustee, receiver or conservator in insolvency proceedings. No Potential Defendant may assign this Agreement without the prior written consent of the Bondholders. This Agreement is binding on and inures to the benefit of each of the Beneficiaries and the Bondholders and their successor and assigns; provided, that any Bondholder may freely assign its rights under this Agreement to any party to whom it sells all or any portion of its interest in any Bonds held by it, or with whom such Bondholder reinsures its risk as an insurer of Bonds, and such Bondholder's rights under this Agreement shall be preserved to the extent that it retains or continues to insure any Bonds; and, provided, further, that the rights conferred upon the third-party beneficiaries of this Agreement shall automatically devolve upon any duly appointed successors or assigns of them, as the case may be.

9. All notices required or permitted to be given under the Agreement shall be in writing. Notices may be delivered: (a) by certified or registered mail; (b) by nationally recognized overnight courier; (c) by facsimile, provided such notice is also sent by the sender by any of the methods referenced in (a) or (b); or (d) personally. Couriered, mailed or personally delivered notices shall be deemed delivered when actually delivered as addressed, or if the addressee refuses delivery, when presented for delivery notwithstanding such refusal. Notices sent by facsimile shall be deemed delivered when sent, with electronic confirmation of receipt evidencing the same, provided such notice is also sent by the sender by any of the methods referenced in (a) or (b). Unless a Party changes its address by giving notice to the other Parties as provided herein, notices shall be delivered to the Parties at the addresses and to the attention of the Parties set forth below:

»B0168617.DOC

| Potential Defendants: | In each case, at the address listed for such Potential Defendant with its signature hereon, with a copy to any person, as set forth in the Notice Address for such Potential Defendant set forth beneath its signature. |
| Bondholders: | In each case, at the address listed for such Bondholder with its signature hereon, with a copy to Ropes & Gray, as set forth in the Notice Address for such Bondholder set forth beneath its signature. |

10.    Each of the Parties hereto hereby represents and warrants that this Agreement is its legal, valid and binding obligation and agrees not to contest the enforceability of this Agreement in any bankruptcy or insolvency proceeding or Action. The Parties have entered into this Agreement freely and voluntarily, after having consulted with counsel and after having the terms of this Agreement explained to them by counsel. The Parties appreciate and understand the terms contained in this Agreement and are fully satisfied therewith. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of its other provisions, and it is the intent of the Parties that this Agreement be given effect to the maximum extent possible.

11.    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. This Agreement is an agreement under seal, and shall be governed by the internal laws of The Commonwealth of Massachusetts.

T. ROWE PRICE TAX-FREE HIGH YIELD FUND, INC.


By:_____
   Title:

Bonds: $_____


Notice Address:

      c/o T. Rowe Price Associates, Inc.
      100 East Pratt Street
      Baltimore, Maryland 21202
      Telecopier:   410-345-4672
      Attention:    C. Stephen Wolfe, II
                     Trish Deford

      Copy to:

      T. Rowe Price Associates, Inc.
      100 East Pratt Street
      Baltimore, Maryland 21202
      Telecopier:   410-345-6575
      Attention:    Laura Chasney, Esq.

         -and-

      Ropes & Gray
      One International Place
      Boston, Massachusetts 02110
      Telecopier:   617-951-7050
      Attention:    Steven T. Hoort, Esq.


[Tolling #1]


»B0168617.DOC

ACA FINANCIAL GUARANTY CORPORATION


By:_____
   Title:

Bonds:  $_____

Notice Address:

     140 Broadway
     New York, New York 10005
     Telecopier:   212-375-2100
     Attention:   Elizabeth Hill
               William J. Hogan

     Copies to:

     American Capital Access
     140 Broadway
     New York, New York 10005
     Telecopier:   212-375-2302
     Attention:   Kathleen G. Cully, Esq.

        -and-

     American Capital Access
     7315 Wisconsin Avenue
     Bethesda, Maryland 20814
     Telecopier:   301-657-7722
     Attention:   G. Richard Dent, Esq.

        -and-

     Ropes & Gray
     One International Place
     Boston, Massachusetts 02110
     Telecopier:   617-951-7050
     Attention:   Steven T. Hoort, Esq.


[Tolling #2]


«B0168617.DOC;1»

SMITH BARNEY MUNICIPAL HIGH INCOME FUND

By:_____
   Title:

Bonds: $_____

Notice Address:

      c/o SSB Citi Asset Management Group
      388 Greenwich Street
      New York, New York 10013
      Telecopier:    212-816-5134
      Attention:     Brendan W. Phalen

      Copy to:

      Ropes & Gray
      One International Place
      Boston, Massachusetts 02110
      Telecopier:    617-951-7050
      Attention:     Steven T. Hoort, Esq.

[Tolling #3]

«B0188617.DOC;1»

PRUDENTIAL MUNICIPAL SERIES FUND - MASSACHUSETTS SERIES
By: The Prudential Investment Corporation, its investment adviser

By:_____·_____
   Title:

Bonds: $_____

Notice Address:

      c/o Prudential Investments
      Fixed Income Research
      2 Gateway Center
      Newark, New Jersey 07102
      Telecopier:   973-802-3181
      Attention:    Gyliane Morgan

      Copies to:

      Prudential Investment Corporation
      Legal Department
      2200 Ross Avenue, Suite 4200E
      Dallas, Texas 75201
      Telecopier:   214-720-6296
      Attention:    William H. Bulmer, Esq.

         -and-

      Ropes & Gray
      One International Place
      Boston, Massachusetts 02110
      Telecopier:   617-951-7050
      Attention:    Steven T. Hoort, Esq.

[Tolling #4]

«B0168617.DOC;1»

BRADFORD COLLEGE

By:_____

    Title:

Notice Address:

        320 South Main Street
        Bradford, Massachusetts 01835
        Telecopier:    978-372-5370
        Attention:    President

        Copy to:

        Gadsby & Hannah LLP
        225 Franklin Street
        Boston, Massachusetts 02110
        Telecopier:    617-345-7050
        Attention:    Charles A. Dale, III, Esq.

[Tolling #5]

«B0168617.DOC;1»

ADVEST, INC.

By:_____
   Title:

Notice Address:

   _____

   Telecopier:   _____
   Attention:   _____

   Copy to:

   [Counsel]

   _____

   Telecopier:   _____
   Attention:   _____

[Tolling #6]

-10-

TO   :                    PHONE NO. :                              NOV.18.2000   1:36AM  P 1
FROM : DILL = VOICE PHONE NO.: 207 781 2951        FAX        PHONE NO. : 207 781 7621

Name: _____ William R Dill

Signature: _____ William R Dill

Notice Address:

_____, Massachusetts _____
Telecopier:              _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-562-6000
Attention:     Hugh R. Jones, Jr., Esq



Chad Dale

Tolling #6]
PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: *Karen M. SUGHRUE*

Signature: *Karen M. Sughrue*


Notice Address:

_____
_____, Massachusetts _____
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:   617-562-6000
Attention:    Hugh R. Jones, Jr., Esq

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: _GREGORY E. THOMAS_

Signature: _____

Notice Address:

_P O Box 1891_

_Andover_, Massachusetts _01810_

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-562-6000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #7]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: MARGARET A. COX

Signature: Margaret A. Cox

Notice Address:

GADSBY & Hannan

BOSTON , Massachusetts 02110

Telecopier:   617 345-7050

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-562-6000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #7]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Julia B. DeMoss

Signature: Julia B. DeMoss

Notice Address:

_____
_____, Massachusetts _____
Telecopier:    _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-562-6000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #7]

«B0168617.DOC;1»

**PRESENT OR FORMER OFFICERS AND TRUSTEES**

Name: G. STEVENS DAVIS,

Signature:

Notice Address:

*3 Dorlan Drive*

*Bradford,* Massachusetts *01835*

Telecopier: 617-346-4819
Copy to:
Hale & Dorr LLP
60 State Street
Boston. Massachusetts 021 09
Telecopier: 617-562-6000
Attention: Hugh R. Jones, Jr., Esq
[Tolling #7]
«B0168617.DOC;1»

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: __Cathleen M. Ellsworth__

Signature: _____

Notice Address:

_____, Massachusetts _____
Telecopier:     _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:     617-562-6000
Attention:      Hugh R. Jones, Jr., Esq

[Tolling #7]

«B0168617.DOC;1»

PRESENT OR FORMER OFFICERS AND TRUSTEES

*Donald W. Kiszka*
*FORMER VICE PRESIDENT & TREASURER of*
Name: *Brawford College*

Signature: *Donald W. Keeffe*

Notice Address:

_____
_____, Massachusetts _____
Telecopier:      _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:      617-562-6000
Attention:       Hugh R. Jones, Jr., Esq

[Tolling #7]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: _JOE N. SHORT_

Signature: _Joe N. Short_

Notice Address:

_____
_____, Massachusetts _____
Telecopier:      _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:     617-562-6000
Attention:      Hugh R. Jones, Jr., Esq

[Tolling #7]

«B0168617.DOC;1»

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: _CELESTE REID LEE_

Signature: _Celeste Reid Lee_

Notice Address:

_____

_____, Massachusetts _____

Telecopier:   _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:   617-562-6000
Attention:   Hugh R. Jones, Jr., Esq

[Tolling #7]

«B0168617.DOC;1»

ō Chad Dale

---

**PRESENT OR FORMER OFFICERS AND TRUSTEES**

Name: _ERIC W. HANSEN_

Signature: _____

Notice Address:

_____, Massachusetts _____

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:      617-562-6000
Attention:      Hugh R. Jones, Jr., Esq

[Tolling #7]

NOV 2 7 2000

## PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Susan H. Turpen, Ph.D.

Signature: Susan H. Turpen

Notice Address: 8966 Booth Rd.
Mentor OH. 44060

FAX 440 585 9960
PHONE 440 585 9097
HOME 440 256 3296

_____, Massachusetts _____

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-562-6000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #7]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: _Anne Upson MARCUS_

Signature: _Anne Upsa Marcus_

Notice Address:

_____
_____, Massachusetts _____
Telecopier:    _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-562-6000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #7]

‹B0168617.DOC;1»

11/28/2000  10:08   7819447213                    BRENDA SMITH                    PAGE  01
11/27/00  16:23 FAX 617 345 7050          GADSBY HANNAH                         ☒010

BRADFORD COLLEGE

By: _Brenda E. Smith_

Title: _UP for Administration & Finance_

Notice Address:

> 320 South Main Street
> Bradford, Massachusetts 01835
> Telecopier:   978-372-5370
> Attention:    President

Copy to:

> Gadsby & Hannah LLP
> 225 Franklin Street
> Boston, Massachusetts 02110
> Telecopier:   617-345-7050
> Attention:    Charles A. Dale, III, Esq

[Tolling #5]

*B0168817.DOC;1*

11/17/00  14:00 FAX 817 345 7050    GADSBY HANNAH    ☒013/013

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: _Paula E. Cochran_

Signature: _Paula E. Cochran_


Notice Address:

_____

_____, Massachusetts _____

Telecopier:    _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-562-6000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #7]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: _JEAN W. CHILDS_

Signature: _Jean W Childs_


Notice Address:

_____

_____, Massachusetts _____

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-562-6000
Attention:    Hugh R. Jones, Jr., Esq.


[Tolling #7]


«B0168817.DOC;1»

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: LESLIE A. FERLAZZO

Signature:

Notice Address:

_____
_____, Massachusetts _____
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-562-6000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #7]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: _Joyce Schaffer Fleming_

Signature: _Joyce Schaffer Fleming_

Notice Address: _Joyce Fleming_
_c/o Hugh R. Jones, Jr., Esq._
_Hale & Dorr LLP_
~~60 STATE STREET~~ Massachusetts 02109
~~BOSTON~~   617-562-6000
Telecopier: _617-562-6000_

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:   617-562-6000
Attention:   Hugh R. Jones, Jr., Esq

[Tolling #7]

«B0168817.DOC;1»

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: _Richard F. Sheehan Jr_

Signature: _[signature]_

Notice Address:

_____

_____, Massachusetts _____

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-562-6000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #7]

ADVEST, INC.

By: _____
Title: *EVP, General Counsel*

Notice Address:

      Advest, Inc.
      90 State House Square
      Hartford, CT 06103
      Telecopier:    860-509-2143
      Attention:     Lee G. Kuckro, General Counsel

[Tolling #6]

-10-

# Exhibit 2

<u>Second Standstill and Tolling Agreement</u>

This Second Standstill and Tolling Agreement (the "Agreement") dated as of June 22, 2001 is made and entered into by and among Bradford College (the "College"), those present or former trustees and/or officers of the College who join in this agreement by execution hereof (collectively, the "D&O"), Advest, Inc. ("Advest", and together with the College and the D&O, the "Potential Defendants"), ACA Financial Guaranty Corporation ("ACA"), T. Rowe Price Tax-Free High Yield Fund ("T Rowe"), Smith Barney Municipal High Income Fund ("SSB") and Prudential Municipal Series Fund - Massachusetts Series ("Prudential", and together with ACA, T Rowe and SSB, the "Bondholders"). The Bondholders and the Potential Defendants are collectively referred to herein as the "Parties".

<u>W I T N E S S E T H</u> :

WHEREAS, the College is indebted to the Bondholders as beneficial holders of the MIFA Revenue Bonds, Bradford College Issue, Series 1998, issued by the College (the "Bonds"), pursuant to a Loan and Trust Agreement dated May 1, 1998 among the College, MIFA and Chittenden Trust Company as indenture trustee (the "Indenture Trustee"); and

WHEREAS, the Bondholders have information that may support claims against the Potential Defendants, and the Potential Defendants deny that there are any such claims; and

WHEREAS, the Bondholders and the College are engaged in negotiations regarding the Bonds and a possible sale of substantially all of the assets of the College, and the Parties desire to continue (and in the case of Advest and the D&O, to facilitate) such negotiations, and all the parties desire to avoid the need for litigation at the present time; and

WHEREAS, the Bondholders are desirous of preserving any causes of action that they may have and are willing to forbear from commencing litigation against the Potential Defendants, possibly including class-action litigation on behalf of all persons who purchased Bonds, only upon agreement that any statutes of limitation, statutes of repose, laches, discovery periods or similar time bars or any other condition of law whether statutory or not, requiring the bringing of an action within a period of time or other requirements imposed by any rule of court under State or Federal law (collectively the "Limitations Periods") relating to the Claims (as that term is defined below) will be tolled as provided below; and

WHEREAS, the Parties have previously entered into a certain Standstill and Tolling Agreement (the "Original Tolling Agreement") dated as of November 1, 2000 (the "Original Tolling Date"), as amended, which remains in full force and effect as of the date hereof but which in the absence of this Agreement could commence to expire on or after July 2, 2001; and

WHEREAS, in reliance on the Original Tolling Agreement, the Parties previously stipulated to the dismissal without prejudice pursuant to Fed. R. Civ. P. Rules 41(a)(2) and 23(e) of the complaint in the case of T. Rowe Price Tax-Free High Yield Fund, Inc., and Smith Barney Municipal High Income Fund, on behalf of themselves and all others similarly situated, and

ACA Financial Guaranty Corporation v. Karen M. Sughrue, Garry L. Crago, Jean W. Childs, Paula Edwards Cochran, G. Stevens Davis, Jr., Julia B. DeMoss, William R. Dill, Leslie A. Ferlazzo, Joyce Shaffer Fleming, Eric W. Hayden, Catherine Chapin Kobacker, Anne Marcus, Celeste Reid, Richard J. Sheehan, Jr., Joseph Short, Gregory E. Thomas, Susan K. Turben, Donald W. Kiszka, Bradford College and Advest, Inc., C.A. No. 00-12408-NG (U.S.D.C. D. Mass.) (the "Original Action"), and said Original Action has now been dismissed without prejudice; and

WHEREAS, the Parties by this Agreement intend to further postpone the commencement of litigation against the Potential Defendants;

WHEREAS, the Bondholders are relying on the agreements and representations of the Potential Defendants in this Agreement in determining not to seek remedies against the Potential Defendants at this time; and

WHEREAS, the Bondholders and the Potential Defendants desire to make third-party beneficiaries of this Agreement (without, however, giving any such persons other than the Bondholders the right to consent to amendment or waiver thereof) all the following persons: (i) all purchasers (whether of record or beneficially) of Bonds at any time on or after May 1, 1998; (ii) recordholders and beneficial owners of bonds at any time from May 1, 1998 through the present; and (iii) the College and the Attorney General of the Commonwealth of Massachusetts (the "AG").

NOW, THEREFORE, for good, valuable, fair and reasonably equivalent consideration, the receipt of which is hereby acknowledged, the parties hereto, each intending to be legally bound, agree as follows:

8544856.3

-2-

1.    Tolling. Each of the Potential Defendants agrees that, with respect to any claim, right, liability or cause of action that could, as of the Original Tolling Date, be initiated directly by any Beneficiary (as that term is defined in Section 4) or derivatively on behalf of any Beneficiary of this Agreement, or by any Beneficiary's successors or assigns as provided in Section 8, against any Potential Defendant, including but not limited to any of the foregoing for misrepresentation or for breach of fiduciary duty under the federal securities laws, the so-called blue-sky laws of Massachusetts, or any other federal, state or local law, whether statutory or not, arising out of or relating in any manner to the Bonds or the issuance there of, Massachusetts statutory law, or the common law (the foregoing are collectively the "Claims"), the time periods for commencing any Action (as that term is defined in Section 5) and the deadline for extinguishment of any such Action under applicable law, be, and hereby are, tolled for the Tolling Period provided in Section 3 of this Agreement. Each of the Potential Defendants, for itself and its successors and assigns, hereby stipulates and agrees that the Tolling Period shall be excluded from any Limitations Period and not considered in any determination of the timelines of commencement of any Action with respect to the Claims. Each Potential Defendant hereby agrees and acknowledges that he, she, or it shall not plead or raise and is estopped from pleading or raising the period of time during the Tolling Period as part of a defense or bar based upon any Limitations Period with respect to any Claim.

2.    This Agreement shall be, and hereby is, effective as of the Original Tolling Date as to each Potential Defendant who joins in this agreement by such Potential Defendant's execution hereof. This Agreement shall be effective as to each Potential Defendant who joins in this Agreement without regard to whether any or all of the other Potential Defendants join in this Agreement. This Agreement shall not apply to any causes of action that the respective Bondholders may have had and for which, if any, as of the Original Tolling Date the applicable Limitations Periods for the respective cause of action had already passed.

3.    With respect to each Potential Defendant, the tolling of time periods provided for in Section 1 of this Agreement shall commence on the Original Tolling Date and shall terminate (the "Termination Date") on the later of July 30, 2002 or the forty-fifth (45th) day after such Potential Defendant delivers a written notice of termination (a "Termination Notice") addressed to each of the Bondholders and at the Notice Addresses set forth beneath their signatures, infra, in accordance with Section 9 hereof. The period from the Original Tolling Date to the respective Termination Date for such Potential Defendant shall be the "Tolling Period" for such Potential Defendant. Termination with respect to any particular Potential Defendant shall not cause termination of this Agreement with respect to any other Potential Defendant.

4.    The following persons are intended beneficiaries (collectively the "Beneficiaries") of this Agreement: (i) purchasers (whether of record or beneficially) of Bonds at any time on or after May 1, 1998, (ii) recordholders and beneficial owners of Bonds at any time from May 1, 1998 through the present, (iii) the Bondholders and (iv) the College and the AG. Subject to Section 7, such persons are entitled to the benefit of, and to enforce, the tolling, stipulations and agreements set forth in Section 1 of this Agreement as well as all other provisions of this Agreement.

5.    In consideration of the Potential Defendant's agreements set forth above, and excepting only the Original Action which has been dismissed without prejudice, the Bondholders agree not to commence any civil actions, proceeding (including arbitral proceeding) or litigation against a Potential Defendant (collectively an "Action") with respect to the Claims until the first to occur of June 30, 2002 or following receipt of a Termination Notice with respect to that Potential Defendant (the foregoing is the "Standstill Period"). As used herein, the term "Action" shall not include (and shall not preclude the bringing of) any action or proceeding against the College or the real or personal property of the College to enforce the rights to payment of principal, interest or premium, if any, on the Bonds or to foreclose or otherwise realize upon any collateral which secures such right to payment (an "Enforcement Action"). Except for the Bondholders' agreement not to commence any Action during the Standstill Period, all rights and remedies of the Bondholders and other Beneficiaries with respect to the bringing of any Action with respect to the Claims and with respect to any Enforcement Action are not impaired hereby and are preserved.

6.    This Agreement shall not operate as an admission of, or evidence of, liability or wrongdoing of any nature by any Potential Defendant or that there is any element of or basis for any Claim against any of the Potential Defendants.

7.    This Agreement may be amended, changed, modified, supplemented, released or discharged, in whole or in part, as between any particular Potential Defendant, on the one hand, and the Beneficiaries, on the other hand; provided, however, that such an amendment, change, modification, supplement, release or discharge must be signed by the particular Potential Defendant whose rights under this Agreement are being altered and by the Bondholders. The rights of the third-party beneficiaries of this Agreement may be amended, changed, modified, supplemented, released or discharged, in whole or in part, upon the written consent of the Bondholders.

8.    This Agreement is binding on and inures to the benefit of the Potential Defendants and their successors and assigns including their successors and assigns by operation of law, their bankruptcy estates, any chapter 7 or 11 trustee and any other estate representative, trustee, receiver or conservator in insolvency proceedings. No Potential Defendant may assign this Agreement without the prior written consent of the Bondholders. This Agreement is binding on and inures to the benefit of each of the Beneficiaries and the Bondholders and their successor and assigns; provided, that any Bondholder may freely assign its rights under this Agreement to any party to whom it sells all or any portion of its interest in any Bonds held by it, or with whom such Bondholder reinsures its risk as an insurer of Bonds, and such Bondholder's rights under this Agreement shall be preserved to the extent that it retains or continues to insure any Bonds; and, provided, further, that the rights conferred upon the third-party beneficiaries of this Agreement shall automatically devolve upon any duly appointed successors or assigns of them, as the case may be.

9.    All notices required or permitted to be given under the Agreement shall be in writing. Notices may be delivered: (a) by certified or registered mail; (b) by nationally recognized overnight courier; (c) by facsimile, provided such notice is also sent by the sender by any of the methods referenced in (a) or (b); or (d) personally. Couriered, mailed or personally delivered

notices shall be deemed delivered when actually delivered as addressed, or if the addressee refuses delivery, when presented for delivery notwithstanding such refusal. Notices sent by facsimile shall be deemed delivered when sent, with electronic confirmation of receipt evidencing the same, provided such notice is also sent by the sender by any of the methods referenced in (a) or (b). Unless a Party changes its address by giving notice to the other Parties as provided herein, notices shall be delivered to the Parties at the addresses and to the attention of the Parties set forth below:

| | |
|---|---|
| Potential Defendants: | In each case, at the address listed for such Potential Defendant with its signature hereon, with a copy to any person, as set forth in the Notice Address for such Potential Defendant set forth beneath its signature. |
| Bondholders: | In each case, at the address listed for such Bondholder with its signature hereon, with a copy to Ropes & Gray, as set forth in the Notice Address for such Bondholder set forth beneath its signature. |

10.     Each of the Parties hereto hereby represents and warrants that this Agreement is its legal, valid and binding obligation and agrees not to contest the enforceability of this Agreement in any bankruptcy or insolvency proceeding or Action. The Parties have entered into this Agreement freely and voluntarily, after having consulted with counsel and after having the terms of this Agreement explained to them by counsel. The Parties appreciate and understand the terms contained in this Agreement and are fully satisfied therewith. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of its other provisions, and it is the intent of the Parties that this Agreement be given effect to the maximum extent possible.

11.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. This Agreement is an agreement under seal, and shall be governed by the internal laws of The Commonwealth of Massachusetts.

8544856.3

JUN-26-2001  14:13        ROPES & GRAY

PRUDENTIAL NATIONAL MUNICIPALS FUND, INC.
By: The Prudential Investment Corporation, its investment adviser

By:_____
Title: Vice President

Bonds: $ 1,000,000

Notice Address:

c/o Prudential Investments
Fixed Income Research
2 Gateway Center
Newark, New Jersey 07102
Telecopier:    973-802-3181
Attention:    Gyliane Morgan

Copies to:

Prudential Investment Corporation
Legal Department
2200 Ross Avenue, Suite 4200E
Dallas, Texas 75201
Telecopier:    214-720-6296
Attention:    William Bulmer, Esq.

-and-

Ropes & Gray
One International Place
Boston, Massachusetts 02110
Telecopier:    617-951-7050
Attention:    Steven T. Hoort, Esq.

[Tolling #4]

SMITH BARNEY MUNICIPAL HIGH INCOME FUND

By: _____

    Title:  VICE PRESIDENT

Bonds: $ 2,345,000

Notice Address:

    c/o SSB Citi Asset Management Group
    388 Greenwich Street
    New York, New York 10013
    Telecopier:  212-816-5134
    Attention:    Rocco Gagliardi

    Copy to:

    Ropes & Gray
    One International Place
    Boston, Massachusetts 02110
    Telecopier:    617-951-7050
    Attention:    Steven T. Hoort, Esq.

[Tolling #3]

T. ROWE PRICE TAX-FREE HIGH YIELD FUND, INC.

By: _____

Title: VICE PRESIDENT

Bonds: $ 6,000,000

Notice Address:

    c/o T. Rowe Price Associates, Inc.
    100 East Pratt Street
    Baltimore, Maryland 21202
    Telecopier:   410-345-4672
    Attention:    G. Richard Dent
                Lee Arnold

    Copy to:

    T. Rowe Price Associates, Inc.
    100 East Pratt Street
    Baltimore, Maryland 21202
    Telecopier:   410-345-6575
    Attention:    Laura Chasney, Esq.

        -and-

    Ropes & Gray
    One International Place
    Boston, Massachusetts 02110
    Telecopier:   617-951-7050
    Attention:    Steven T. Hoort, Esq.

[Tolling #1]

ACA FINANCIAL GUARANTY CORPORATION

By: _Kathleen G Cully_

Title: _General Counsel_

Bonds: $ _#5,510,000_

Notice Address:

     140 Broadway
     New York, New York 10005
     Telecopier:   212-375-2100
     Attention:    Elizabeth Hill
                   William J. Hogan

     Copies to:

     American Capital Access
     140 Broadway
     New York, New York 10005
     Telecopier:   212-375-2302
     Attention:    Kathleen G. Cully, Esq.

         -and-

     Ropes & Gray
     One International Place
     Boston, Massachusetts 02110
     Telecopier:   617-951-7050
     Attention:    Steven T. Hoort, Esq.

[Tolling #2]

BRADFORD COLLEGE

By: *Brenda E. Smith*
Title: VP for Administration & Finance

Notice Address:

320 South Main Street
Bradford, Massachusetts 01835
Telecopier:    978-372-5370
Attention:    President

Copy to:

Gadsby & Hannah LLP
225 Franklin Street
Boston, Massachusetts 02110
Telecopier:    617-345-7050
Attention:    Charles A. Dale, III, Esq.

[Tolling #5]

ADVEST, INC.

By: _Philip S. Wellman_
Title: _VP & Assist. General Counsel_

Notice Address:

> Advest, Inc.
> 90 State House Square
> Hartford, CT 06103
> Telecopier:     860-509-2143
> Attention:     Lee G. Kuckro, General Counsel

[Tolling #6]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Karen M. Sughrue

Signature: _Karen M. Sughrue_

Notice Address:

_____

_____, Massachusetts _____

Telecopier:     _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:     617-526-5000
Attention:      Hugh R. Jones, Jr., Esq

[Tolling #7]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Garry L. Crago

Signature:

Notice Address:

_____, Massachusetts_____
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #8]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Jean W. Childs

Signature: _Jean W. Childs_____

Notice Address:

_____
_____, Massachusetts _____
Telecopier:        _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #9]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Paula Edwards Cochran

Signature: *Paula Edwards Cochran*


Notice Address:

_____, Massachusetts _____
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #10]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: G. Stevens Davis, Jr.

Signature:

Notice Address:

    3 Dorian Drive
    Bradford, Massachusetts 01835
    Telecopier:   617-346-4819

    Copy to:

    Hale & Dorr LLP
    60 State Street
    Boston, Massachusetts 02109
    Telecopier:   617-526-5000
    Attention:   Hugh R. Jones, Jr., Esq

[Tolling #11]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Julia B. DeMoss

Signature: _Julia B. De Moss_

Notice Address:

_____, Massachusetts _____
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:  617-526-5000
Attention:  Hugh R. Jones, Jr., Esq

[Tolling #12]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: William R. Dill

Signature: _____

Notice Address:

_____, Massachusetts _____
Telecopier:     _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:     617-526-5000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #13]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Leslie A. Ferlazzo

Signature:

Notice Address:

   7 LORUM STREET
NEWBURYPORT , Massachusetts  01950
    Telecopier:   617-523-0229

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:   617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #14]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Joyce Schaffer Fleming

Signature: *Joyce Schaffer Fleming*

Notice Address:

_____
_____, Massachusetts _____
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:     617-526-5000
Attention:      Hugh R. Jones, Jr., Esq

[Tolling #15]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Eric W. Hayden

Signature: _____

Notice Address:

_____
_____, Massachusetts _____
Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #16]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Catherine Chapin Kobacker

Signature: _____

Notice Address:

_____, Massachusetts _____

Telecopier:    _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #17]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Anne Upson Marcus

Signature: _____

Notice Address:

_____, Massachusetts _____

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:   617-526-5000
Attention:   Hugh R. Jones, Jr., Esq

[Tolling #18]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Celeste Reid Lee

Signature: _Celeste Reid Lee_

Notice Address:

50 WAVERLY STREET
BROOKLINE, Massachusetts 02445
Telecopier: 617-566-4752

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:     Hugh R. Jones, Jr., Esq

[Tolling #19]

06/26/01  09:49 FAX 617 345 7050        GADSBY HANNAH                    ☒030/034

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Richard J. Sheehan, Jr.

Signature:

Notice Address:

_____ , Massachusetts _____

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #20]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Joseph Short

Signature: _Joseph Short_ 6/25/01

Notice Address:

23 Claremont Park

Boston ; Massachusetts, MA 02118

Telecopier: _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:    617-526-5000
Attention:    Hugh R. Jones, Jr., Esq

[Tolling #21]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Gregory E. Thomas

Signature: _____ 06/26/01

Notice Address:

    P.O. Box 1891
    Andover, Massachusetts  01810
    Telecopier: _____

    Copy to:

    Hale & Dorr LLP
    60 State Street
    Boston, Massachusetts 02109
    Telecopier:   617-526-5000
    Attention:   Hugh R. Jones, Jr., Esq

[Tolling #22]

SENT BY:G&H

Case 1:05-cv-10176-RGS   Document 38-5   Filed 05/02/2005   Page 8 of 9
: 7- 9- 1 ; 3:13PM ;   GADSBY & HANNAH → HugMoore 8 of 9   2

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Susan K. Turben

Signature: _Susan Kimberly Turben_

Notice Address:

      8966 Booth Road
      Mentor, OH 44060
      Telecopier:   440-585-9960
      Telephone:   440-585-9097
      Home:   -  440-256-3296

   Copy to:

      Hale & Dorr LLP
      60 State Street
      Boston, Massachusetts 02109
      Telecopier:   617-526-5000
      Attention:   Hugh R. Jones, Jr., Esq

[Tolling #23]

PRESENT OR FORMER OFFICERS AND TRUSTEES

Name: Donald W. Kiszka

Signature: _Donald W Kiszka_
_7-26-08_

Notice Address:

_____, Massachusetts _____
Telecopier:     _____

Copy to:

Hale & Dorr LLP
60 State Street
Boston, Massachusetts 02109
Telecopier:   617-526-5000
Attention:   Hugh R. Jones, Jr., Esq

[Tolling #24]