UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENISE MCKEOWN, ROBERT LUTTS, <br> Plaintiffs, <br><br> vs. <br><br> ADVEST, INC., KAREN SUGHRUE, et al., <br> Defendants | C.A. No. 05-10176-RGS <br><br> **CONSOLIDATED WITH** |
| T. ROWE PRICE TAX-FREE HIGH YIELD FUND, INC., et al., <br> Plaintiffs, <br><br> vs. <br><br> ADVEST, INC., KAREN SUGHRUE, et al., <br> Defendants | C.A. No. 04-11667-RGS |

**BRADFORD DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS TO STRIKE IN SUPPORT OF THEIR OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS**

The Bradford Defendants[1] oppose the plaintiffs' Motions to Strike in Opposition to Defendants' Motions to Dismiss. The matters plaintiffs seek to strike are properly before the Court on the motions and should not be stricken.

**DISCUSSION**

**I.   THE COURT MAY CONSIDER THE EXCERPT FROM A PUBLISHED BOOK ABOUT BRADFORD'S FINANCIAL DIFFICULTIES.**

The motion to dismiss that the Bradford Defendants filed on January 20, 2005 (which addresses the federal claims that were then the only ones raised in the original

---

[1]   "Bradford Defendants" refers to all defendants in this action except Advest, Inc.

complaint filed by the T. Rowe Price plaintiffs), references and attaches, as Exhibit 4, an excerpt from a book titled Liberal Arts Colleges: Surviving, Thriving or Endangered?", by David W. Breneman, which was published in 1994. In that book, the author stated that Bradford College was "plagued" with financial problems, that its net spending had increased at a far higher rate than its revenues, that its "future will hinge on its ability to increase enrollments," and that its "prospects" were "uncertain." The excerpt thus makes clear that Bradford's financial problems were publicly known.

Plaintiffs offer no reason to strike the excerpt other than the conclusory assertion that it is "not the type that may be considered on a motion to dismiss." It is well established, however, that, in deciding a motion to dismiss, the court may consider, among other things, "documents the authenticity of which are not disputed by the parties," "official public records," and "matters of public record." *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993); *In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 15-16 (1st Cir. 2003). For such reasons, courts deciding motions to dismiss in securities fraud cases have taken judicial notice of published materials, including stock prices. *See Ganino v. Citizens Utilities Co.,* 228 F.3d 154, 167 n.8 (2d Cir. 2000); *Grimes v. Navigant Consulting, Inc.,* 185 F. Supp. 2d 906, 913 (N.D. Ill. 2002). Because plaintiffs do not and cannot dispute the authenticity of the book, which is similarly a matter of public record, it should not be stricken, and the Court should consider it on the motions to dismiss.

## II.     THE COURT MAY CONSIDER THE AFFIDAVIT OF KAREN SUGHRUE.

In support of their argument on the applicability of Massachusetts-law statutory charitable immunity to the state-law claims against the Trustee Defendants, the Bradford

2

Defendants submitted the two-paragraph Affidavit of Karen M. Sughrue, which states, in its substantive entirety, as follows:

> 1. I was a member of the Board of Trustees of Bradford College ("the College") from 1986 until the College closed in 2000. I have personal knowledge of the matters stated herein and, if called as a witness, could testify thereto.
>
> 2. The position of Trustee of Bradford College was an uncompensated one. Neither I nor any of the other members of the College's Board of Trustees received compensation for our services as Trustees, except for reimbursement of out of pocket expenses.

The affidavit is offered solely to establish the unremarkable and straightforward fact that the Trustee Defendants were not compensated for serving on Bradford College's Board of Trustees, which is an element required for application of the statutory immunity. Plaintiffs have not suggested any doubt as to the truth of this fact.

As stated in the Bradford Defendants' reply to plaintiffs' oppositions to the motions to dismiss, the issue of statutory immunity appears to be mooted by plaintiffs' concessions that they cannot tie the Trustee Defendants to any of the alleged misrepresentations or omissions in the Official Statement, as well as by the many other deficiencies in plaintiffs' state-law claims against them. However, if the Court does not dismiss all the state-law claims against the Trustee Defendants for such reasons, a determination of the applicability of statutory immunity at this time would be warranted and appropriate to expedite the disposition of this action. Accordingly, the affidavit should not be stricken; instead, if the state-law claims against them are not otherwise dismissed, the Trustee Defendants respectfully request that the Court convert their motions to dismiss into motions for summary judgment with respect to the limited issue of whether the Trustee Defendants were compensated for serving on the Board, and that it dismiss the state-law claims against them by reason of statutory immunity.

### III. THE COURT SHOULD DETERMINE WHETHER PLAINTIFFS' CLAIMS UNDER THE MASSACHUSETTS UNIFORM SECURITIES ACT ARE TIME-BARRED.

Not content with merely opposing it, plaintiffs also seek to "strike" the Bradford Defendants' argument that plaintiffs' Uniform Securities Act claims are time-barred by reason of the statute of repose in M.G.L. c. 110A, §410(e). In seeking to strike the argument, plaintiffs rely on the tolling agreement that the Bradford Defendants referenced in their principal motion, and which the Bradford Defendants established in that motion cannot save plaintiffs' claims because §410(e) is a statute of repose. *See* Memorandum in Support of Bradford Defendants' Motion to Dismiss Amended Complaint at 9-12.

The SJC has held that the time period of a Massachusetts statute of repose is "absolute," that "statutes of repose may not be tolled for any reason," and that "[t]he only way to satisfy the 'absolute time limit' of a statute of repose is to 'commence' the action prior to the expiration of that time limit." *Nett v. Bellucci*, 437 Mass. 630, 635, 774 N.E.2d 130, 134-35 (2002) (emphasis). Because the SJC's decisions establish that a statute of repose is absolute, and thus indicate its jurisdictional nature, the time period for suit cannot be waived by a tolling agreement any more than any other cause. Indeed, if a time limitation is "jurisdictional in nature, thus going to the very power to adjudicate, the court must consider the delay *sua sponte* and apply the statute strictly." *LaVallee Northside Civic Ass'n v. Virgin Islands Coastal Zone Management Commission*, 866 F.2d 616, 625 (3d Cir. 1989). *See also Leonhard v. United States,* 633 F.2d 599, 609 n.11 (2d Cir. 1980) (district court has power to dismiss case *sua sponte* as time-barred where facts supporting dismissal are set forth in plaintiffs' papers).

4

Because plaintiffs' own allegations establish that more than four years have passed since plaintiffs discovered the alleged violations, and because that lapse of time is as a matter of law fatal to their §410 claims, the Court should deny plaintiffs' motions to strike the argument.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motions to strike should be denied in their entirety.

                                        THE BRADFORD DEFENDANTS
                                        By their attorneys,

                                        /s/  A. Lauren Carpenter
                                        Robert E. Sullivan, BBO #487820
                                        Scott A. Roberts, BBO #550732
                                        A. Lauren Carpenter, BBO #551258
                                        SULLIVAN, WEINSTEIN & McQUAY, P.C.
                                        Two Park Plaza
                                        Boston, MA 02116
Dated:  July 29, 2005                 (617) 348-4300
                                        Email:  lcarpenter@swmlawyers.com

## **CERTIFICATE OF SERVICE**

      I, A. Lauren Carpenter, hereby certify that a true and correct copy of the foregoing document was served by hand on all counsel of record on this 29th day of July, 2005.

                                        /s/  A. Lauren Carpenter
                                        A. Lauren Carpenter