UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENISE MCKEOWN, ROBERT LUTTS,<br>Plaintiffs,<br><br>vs.<br><br>ADVEST, INC., KAREN SUGHRUE, et al.,<br>Defendants | C.A. No. 05-10176-RGS<br><br>**CONSOLIDATED WITH** |
| T. ROWE PRICE TAX-FREE HIGH YIELD FUND, INC., et al.,<br>Plaintiffs,<br><br>vs.<br><br>ADVEST, INC., KAREN SUGHRUE, et al.,<br>Defendants | C.A. No. 04-11667-RGS |

**BRADFORD DEFENDANTS' REQUEST FOR LEAVE TO FILE REPLY TO PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS REGARDING APPLICABILITY OF CHARITABLE IMMUNITY DOCTRINE AND PLAINTIFFS' PROPOSAL FOR DISCOVERY ON TRUSTEE COMPENSATION**

During October 6th oral argument on the Bradford Defendants' Motion to Dismiss, the Court allowed the plaintiffs to file a supplemental brief setting forth any arguments why the former, uncompensated trustees of Bradford College (the "Trustee Defendants") were not immune from liability under Mass. Gen. L. ch. 231, §§85K and 85W on the state law claims asserted by the plaintiffs. The Court also inquired whether the plaintiffs had any basis to refute the sworn testimony of Karen Sughrue, a 14-year member of the Board of Trustees, which certified that the Trustee Defendants received no compensation for their services as trustees (except reimbursement for out-of-pocket expenses), and, if so, invited the plaintiffs to propose limited discovery to determine the

1

veracity of Ms. Sughrue's testimony.  In response, the plaintiffs filed on October 20th their Supplemental Opposition to Bradford Trustee Defendants' Motion to Dismiss and Proposal for Discovery on Trustee Compensation ("Plaintiffs' Supplemental Opposition") (Docket No. 47).

The Bradford Defendants respectfully request leave to file a short reply to Plaintiffs' Supplemental Opposition for the following reasons:

1. The plaintiffs' arguments against the applicability of the charitable immunity statutes to any of their state-law claims are demonstrably wrong, as a matter of law.

2. The plaintiffs' proposed discovery plan far exceeds what would be reasonably necessary to evaluate the narrow issue of trustee compensation, and is a barely disguised attempt to engage in broad-ranging discovery, which is contrary to both the express provisions of the Private Securities Litigation Reform Act and the law of this Circuit.

## CONCLUSION

For these reasons, the Bradford Defendants request that the Court grant them leave to file a reply to the Plaintiffs' Supplemental Opposition by November 11, 2005.

THE BRADFORD DEFENDANTS
By their attorneys,

/s/ Scott A. Roberts
Robert E. Sullivan, BBO #487820
Scott A. Roberts, BBO #550732
A. Lauren Carpenter, BBO #551258
SULLIVAN, WEINSTEIN & McQUAY, P.C.
Two Park Plaza
Boston, MA 02116
(617) 348-4300
Dated: November 02, 2005         Email:  sroberts@swmlawyers.com

2