UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10176-RGS

DENISE MCKEOWN AND ROBERT LUTTS

v.

ADVEST, INC., et al

*CONSOLIDATED WITH*

CIVIL ACTION NO. 04-11667-RGS

T. ROWE PRICE TAX-FREE HIGH YIELD FUND, INC., et al.

v.

ADVEST, INC., et al.

MEMORANDUM AND ORDER ON PLAINTIFFS'
MOTION TO VACATE ORDER OF DISMISSAL AND
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

December 29, 2006

STEARNS, D.J.

On October 20, 2006, pursuant to Fed. R. Civ. P. 59(e), plaintiffs in the T. Rowe Price action[1] filed a motion to vacate the court's Order of Dismissal dated October 5, 2006. In addition, they filed a motion for leave to file a second amended complaint pursuant to Fed. R. Civ. P. 15(a).

Rule 59 "does not allow a party to introduce new evidence or to advance arguments

---

[1] Plaintiffs are: T. Rowe Price Tax-Free High Yield Fund, Inc.; Smith Barney Income Funds/Smith Barney Municipal High Income Fund; Dryden National Municipals Fund, Inc.; and Lois and John Moore.

that could and should have been presented to the district court prior to the judgment." Zukowski v. St. Luke's Home Care Program, 326 F.3d 278, 282 n.3 (1st Cir. 2003). Rather, a court may alter or amend a judgment only in the event of (1) a manifest error of law or fact; or (2) newly discovered evidence. Id. Plaintiffs have not satisfied either requirement.

Plaintiffs do not - and indeed, cannot - argue that the court erred by improperly denying a previously filed motion to amend, as no such motion was filed.[2] Nor do plaintiffs make a compelling argument that newly discovered evidence requires the judgment to be vacated. Plaintiffs state that during a document review in June of 2005, they discovered a letter written by defendant Karen Sughrue that they felt was "very important" to their client's case. The letter not only indicated to counsel for "the first time" that the trustees and officers of Bradford College knew with near certainty about the misleading nature of certain statements that had ben made in connection with the College's public offering; it also caused them to reexamine records relating to internal budget issues and the minutes of an allegedly pivotal trustees' meeting held on May 8, 1998. See Affidavit of Thomas Hoffman, at ¶¶ 2-5. This reinvigorated review led to the "new" allegations asserted in the proposed second amended complaint.

The court does not share plaintiffs' view that the discovery of the Sughrue letter and the reinvestigation of the records constitute new evidence. This information, and its alleged significance to plaintiffs' case, was known to plaintiffs for well over a year before

---

[2]While plaintiffs did state in their opposition to defendants' motions to dismiss that they could provide additional allegations in the event that the court should find the complaint deficient, this does not suffice. No formal request to amend was made during the lengthy period of time that the motions were pending.

the court issued its decision on the motions to dismiss.[3]  Plaintiffs had ample opportunity to bring these new allegations to light during the pendency of the motions, and failed to do so.  See Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997) (evidence submitted was "neither new nor unavailable" when the court entered judgment). Accordingly, the motion to vacate the dismissal is DENIED.

In light of this ruling, the court lacks jurisdiction to permit the filing of a second amended complaint.[4]  See Mirpuri v. ACT Manufacturing, Inc., 212 F.3d 624, 629 (1st Cir. 2000).  See also Maldonado v. Dominguez, 137 F.3d 1, 11 (1st Cir. 1998) ("[A] district court can not allow an amended pleading where a final judgment has been rendered unless that judgment is first set aside or vacated pursuant to Fed. R. Civ. P. 59 or 60.").  Accordingly, the motion for leave to file a second amended complaint is DISMISSED.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[3]Plaintiffs filed their opposition to the motions to dismiss on May 2, 2005, and defendants filed a reply brief on July 29, 2005.  The court held a hearing on October 6, 2005, and issued its Memorandum and Order on September 30, 2006.

[4]Even had a motion to amend been made prior to entry of the judgment of dismissal, it is not by any means apparent that it would have been allowed.  See Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) ("Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.").